### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Shane Studley | Alliance HealthCare Services, Inc. (Specially Appearing) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David Spivak (SBN 179684) THE SPIVAK LAW FIRM 9454 Wilshire Blvd., Suite 303 Beverly Hills, CA 90212 (310) 499-4730 | Matthew C. Kane (SBN 171829)/Michelle R. Walker (SBN 167375) Sabrina A. Beldner (SBN 221918)/ Sylvia J. Kim (SBN 258363) McGuireWoods LLP 1800 Century Park East, 8th Floor Los Angeles, CA 90067 (310) 315-8200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

| FOR OFFICE USE ONLY: | Case Number: **SACV10-00067 CJC (ANx)** |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Plaintiff Shane Studley) | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ (Specially Appearing) Date January 15, 2010
Matthew C. Kane, Esq./McGuireWoods LLP

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV10- 67 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

McGuireWoods LLP
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com
Michelle R. Walker, Esq. (SBN 167375)
    Email: mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for *Specially Appearing* Defendant
ALLIANCE HEALTHCARE SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANE STUDLEY, and all others similarly situated<br><br>            Plaintiffs,<br><br>    vs.<br><br>ALLIANCE HEALTHCARE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ALLIANCE IMAGING, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. **SACV10-00067 CJC (ANx)**<br><br>[Orange County Superior Court Case No. 30-2009 00326149]<br><br>**DEFENDANT'S PROTECTIVE NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed: December 1, 2009 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that *Specially Appearing* Defendant ALLIANCE HEALTHCARE SERVICES, INC. ("Defendant"), by and through its undersigned specially appearing counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Orange (the "State Court") to the United States District Court for the Central District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1.     Plaintiff Shane Studley ("Plaintiff") filed a Complaint (the "Complaint") in the State Court on December 1, 2009, styled as <u>Shane Studley, and all others similarly situated v. Alliance Healthcare Services, Inc., et al.</u>, Case No. 30-2009 00326149 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2.     To date, the Complaint has not been served on Defendant.  However, on or about December 18, 2009, Defendant's specially appearing counsel received a Certified Mail package with postage thereon dated December 17, 2009 from counsel for Plaintiff, which contained a copy of the Complaint and the following documents from the State Court Action, a true and correct copy of each of which is attached hereto as the Exhibits identified below:

| | | |
|---|---|---|
| 1 | Exhibit B: | Summons on Complaint |
| 2 | Exhibit C: | Notice and Acknowledgment of Receipt |
| 3 | Exhibit D: | Civil Case Cover Sheet |
| 4 | Exhibit E: | Notice of Related Case |
| 5 | Exhibit F: | Civil Complex Center – Complex Civil Department |
| 6 | | Guidelines |
| 7 | Exhibit G: | ADR Information Package |
| 8 | Exhibit H: | Department CX-101 Guidelines |
| 9 | Exhibit I: | Class Action/B&P 17200 Questionnaire |

The package from Plaintiff's counsel also included a letter identifying each of the foregoing enclosed documents and requesting that Defendant execute an enclosed Notice and Acknowledgment of Receipt thereof, a true and correct copy of which is attached hereto as Exhibit J. As set forth in the January 11, 2010 letter attached hereto as Exhibit K, neither Defendant nor its specially appearing counsel has signed and returned the Notice and Acknowledgment of Receipt, and, therefore, Plaintiff has not effectuated service on Defendant simply by mailing the Complaint and the foregoing documents to Defendant's specially appearing counsel. Notwithstanding, and without waiving Plaintiff's failure to effectuate service on Defendant to date, this Notice of Removal is being protectively and prophylactically filed with this Court by special appearance within 30 days of Defendant's counsel's receipt of a copy of Plaintiff's Complaint other than by service and within one year of the commencement of the State Court Action, to avoid any claim by Plaintiff that it is not timely under 28 U.S.C. § 1446(b). Once Plaintiff effectuates service on Defendant, it will timely respond to the Complaint.

3.     Defendant is informed and believes that there has been no service of process upon Defendants Does 1 through 100, which are fictitious defendants that

10407225.1

2

1    have not been served, and thus are to be disregarded for the purposes of this

2    removal. 28 U.S.C. § 1441(a).

3

4    4.    On December 30 and 31, 2009, respectively, Plaintiff mailed the

5    following additional documents from the State Court Action to Defendant and its

6    specially appearing counsel, a true and correct copy of each of which is attached

7    hereto as the Exhibits identified below:

8

9        Exhibit L:        Notice of Minute Order of December 17, 2009

10       Exhibit M:        Notice of Complex Fee Payment

11

12   5.    Defendant is informed and believes that the aforementioned documents

13   and exhibits constitute all of the process, pleadings, and orders on file in the State

14   Court Action.

15

16   6.    In accordance with 28 U.S.C. § 1446(d), Defendant has given

17   contemporaneous written notice of this Notice of Removal to all adverse parties and

18   to the Clerk of the State Court.

19

20   7.    As required by 28 U.S.C. § 1441, Defendant seeks to remove this case

21   to the United States District Court for the Central District of California which is the

22   District Court embracing the place where the State Court Action has been filed.

23

24                        **REMOVAL JURISDICTION**

25

26   8.    This Court has original jurisdiction over this action pursuant to 28

27   U.S.C. § 1331, and is one which may be removed to this Court by Defendant

28

10407225.1                              3

**DEFENDANT'S PROTECTIVE NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT**

pursuant to 28 U.S.C. § 1441(b) in that it involves substantial federal questions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

9.      Furthermore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being protectively and prophylactically filed less than 30 days after Defendant's counsel received a copy of Plaintiff's Complaint (other than by service) and within one year of the filing of the State Court Action.  (See Exhibits A through M attached hereto.)

## FEDERAL QUESTION JURISDICTION

10.      Plaintiff purports to bring this action as a class/representative action pursuant to Cal. Code Civ. Proc. § 382 and Cal. Bus. & Prof. Code § 17200, and as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).   (Exhibit A, Complaint, ¶¶ 6, 8.)  Plaintiff proposes 12 subclasses, including three proposed FLSA subclasses which Plaintiff defines as follows:

(1)      An **"FLSA Underpayment Class"** which is defined as "[a]ll persons employed by Defendants as Technologists in the United States who were not paid wages for all hours worked during the period beginning three (3) years prior to the filing of this action and ending on the date that judgment is entered in this action." (Exhibit A, Complaint, ¶ 6.)

(2)      An **"FLSA Overtime Class"** which is defined as "[a]ll persons employed by Defendants as Technologists in the United States who ever worked in excess of forty (40) hours per week without receiving overtime pay at one and one-half their respective regular rates of pay for all hours worked in excess of forty (40)

1 hours per week during the period beginning three (3) years prior to the filing of this
2 action and ending on the date that judgment is entered in this action." (Id.).

4       (3)    An **"FLSA Overtime Rate Class"** which is defined as "[a]ll
5 members of the **FLSA Overtime Class** who did not receive overtime pay based on
6 a correctly calculated regular rate of pay reflecting all applicable forms of
7 remunerations received including, but not limited to, on-call pay during the period
8 beginning three (3) years prior to the filing of this action and ending on the date that
9 judgment is entered in this action." (Id.).

11     The other nine (9) proposed subclasses are comprised of California-based
12 current and former employees of Defendant and are predicated on alleged violations
13 of the California Labor Code and Business and Professions Code by Defendant.

15     11.    Plaintiff's Complaint purports to allege 12 causes of action, as follows:

17       (1)    Violation of <u>Cal. Labor Code</u> § 204 for alleged failure to pay
18 wages for all hours worked to Plaintiff and other California-based current and
19 former employees of Defendant;
20       (2)    **Violation of the FLSA, 29 U.S.C. § 201 et seq.**, for alleged
21 failure to pay wages for all hours worked to Plaintiff and the **FLSA Underpayment**
22 **Class**;
23       (3)    Violation of <u>Cal. Labor Code</u> §§ 226.7 and 512 for alleged
24 failure to provide meal and rest periods to Plaintiff and other California-based
25 current and former employees of Defendant;
26       (4)    **Violation of the FLSA, 29 U.S.C. § 207(a)(1)**, for alleged
27 failure to pay overtime wages for all hours worked to Plaintiff and the **FLSA**
28 **Overtime Class**;

1     (5)    **Violation of the FLSA, 29 U.S.C. § 207(e),** for alleged failure to

2 correctly calculate overtime rates of Plaintiff and the **FLSA Overtime Rate Class**;

3     (6)    Violation of <u>Cal. Labor Code</u> § 510 for alleged failure to pay

4 overtime wages for all hours worked to Plaintiff and other California-based current

5 and former employees of Defendant;

6     (7)    Violation of <u>Cal. Labor Code</u> § 510 for alleged failure to

7 correctly calculate overtime rates of Plaintiff and other California-based current and

8 former employees of Defendant;

9     (8)    Violation of <u>Cal. Labor Code</u> § 223 for allegedly secretly paying

10 lower wages than required by statute to Plaintiff and other California-based current

11 and former employees of Defendant;

12     (9)    Violation of <u>Cal. Labor Code</u> §226 for alleged failure to provide

13 accurate written wage statements to Plaintiff and other California-based current and

14 former employees of Defendant;

15     (10)   Violation of <u>Cal. Labor Code</u> §§ 201 and 202, and for waiting

16 time penalties under <u>Cal. Labor Code</u> § 203, for alleged failure to timely pay all

17 final wages owed to Plaintiff and other California-based current and former

18 employees of Defendant;

19     (11)   Restitution of overtime wages under <u>Cal. Bus. & Prof. Code</u> §

20 17200 based on Defendant's alleged **violations of the** foregoing provisions of the

21 California Labor Code and the **FLSA**; and

22     (12)   Civil penalties pursuant to the California Labor Code Private

23 Attorneys General Act of 2004 ("PAGA"), <u>Cal. Labor Code</u> § 2699 et seq., for

24 Defendant's alleged violations of <u>Cal. Labor Code</u> §§ 201, 202, 203, 204, 223,

25 226(a), 226.7, 510, and 512.

26

27    12.   This Court has original jurisdiction over this action pursuant to 28

28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant

10407225.1

6

pursuant to 28 U.S.C. § 1441(b) in that Plaintiff's <u>Second, Fourth, Fifth and Eleventh Causes of Action</u> arise in whole or in part under the FLSA, 29 U.S.C. § 201 et seq., and therefore involve substantial questions of federal law.

13.     Plaintiff's purported <u>Second Cause of Action</u> is premised entirely on the FLSA and alleges that Defendant violated the FLSA by "not compensating Plaintiff [and the proposed FLSA Underpayment Class] for all hours worked as a result of requiring or otherwise encouraging or permitting Plaintiff to perform off-the-clock work." (<u>See</u> Exhibit A, Complaint, ¶¶ 19-24.)  Plaintiff's purported <u>Fourth Cause of Action</u> expressly seeks recovery on behalf of Plaintiff and the proposed FLSA Overtime Class on the basis that Defendant allegedly failed to pay overtime wages for all overtime hours worked in violation of the FLSA, 29 U.S.C. § 207(a)(1).  (<u>See</u> Exhibit A, Complaint, ¶¶ 33-37.)  Plaintiff's purported <u>Fifth Cause of Action</u> alleges that Defendant failed to correctly calculate the overtime rates of Plaintiff and the proposed FLSA Overtime Rate Class in violation of the FLSA, 29 U.S.C. § 207(e). (<u>See</u> Exhibit A, Complaint, ¶¶ 38-43.)   Finally, Plaintiff's purported <u>Eleventh Cause of Action</u> under <u>Cal. Bus. & Prof. Code</u> § 17200 is also based in part on the FLSA, as it expressly incorporates the alleged FLSA violations articulated in the purported Second, Fourth, and Fifth Causes of Action as alleged "unlawful conduct" which allegedly constitutes "unfair competition" by Defendant within the meaning of <u>Cal. Bus. & Prof. Code</u> § 17200.  (<u>See</u> Exhibit A, Complaint, ¶¶ 68-69.)

14.     Plaintiff's purported <u>Second, Fourth, Fifth and Eleventh Causes of Action</u> therefore arise and involve substantial federal questions under the FLSA, and, as such, this Court has federal question jurisdiction over this action.

## SUPPLEMENTAL JURISDICTION

15.    The purported <u>First, Third, Sixth, Seventh, Eighth, Ninth, Tenth and Twelfth Causes of Action</u> in Plaintiff's Complaint also relate to Defendant's alleged employment of Plaintiff and the putative class members he purports to represent, and all of the claims, which assert violations of California wage and hour laws, arise out of the same common nucleus of operative facts:  Defendant's alleged failure to correctly calculate the overtime rate and to pay overtime compensation to the putative class members, its alleged failure to pay all wages due and owing to resigning and/or discharged employees, and its alleged failure to provide meal and/or rest breaks, accurate wage payments, and accurate wage statements to the putative class members.  For this reason, and to the extent these purported claims involve associated and related state law causes of action, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

16.    The State Court Action was brought in Orange County, California, which is within this district and division.  This court has original jurisdiction in this action under 28 U.S.C. § 1331 because a substantial federal question exists based on Plaintiff's Second, Fourth, Fifth, and Eleventh Causes of Action.   Accordingly, venue is proper and Defendant is entitled to remove this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

17.    Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of

10407225.1

DEFENDANT'S PROTECTIVE NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1   express or implied waiver or limitation of any of Defendant's rights, claims,

2   remedies, and defenses in connection with this action (including without limitation

3   issues relating to service of process), all of which are hereby fully and expressly

4   reserved.

5

6        WHEREFORE, Defendant respectfully requests that the above-captioned

7   action now pending in the State Court be removed to this United States District

8   Court.

9

10   DATED: January 15, 2010       **McGuireWoods LLP**

11

12                 By: _____

13                      Matthew C. Kane, Esq.

14                      Michelle R. Walker, Esq.

                          Sabrina A. Beldner, Esq.

15                      Sylvia J. Kim, Esq.

16                      Attorneys for *Specially Appearing*

                          Defendant

17                      ALLIANCE HEALTHCARE SERVICES, INC.

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT   A**

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite 3
Beverly Hills, California  90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
setarehlaw@sbcglobal.net

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Blvd, Penthouse Suite 34
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
louis@benowitzlaw.com

David Spivak (SBN 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, CA 90212
Tel:    (310) 499-4730
Fax:    (310) 499-4739
david@spivaklaw.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 01 2009

ALAN CARLSON, Clerk of the Court

BY _____J. HAINES_____,DEPUTY

Attorneys for Plaintiffs,
SHANE STUDLEY, and
all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER
#### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| SHANE STUDLEY, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCE HEALTHCARE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ALLIANCE IMAGING, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **30-2009 00326149**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1. Failure to Pay Wages for All Hours Worked (Cal. Lab. Code § 204);<br>2. Failure to Pay Wages for All Hours Worked (29 U.S.C. §§ 201, *et seq*.);<br>3. Failure to Provide Rest and Meal Periods (Cal. Lab. Code §§ 226.7 and 512);<br>4. Failure to Pay Overtime Wages for All Overtime Hours Worked (29 U.S.C. §§ 201, *et seq*.);<br>5. Failure to Correctly Calculate Overtime Rates (29 U.S.C. §§ 201, *et seq*.);<br>6. Failure to Pay Overtime Wages for All Overtime Hours Worked (Cal. Lab. Code § 510). |

JUDGE DAVID C. VELASQUEZ
DEPT. CX101

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

*Studley v. Alliance Healthcare Services, Inc., et al.*          *Class Action Complaint*

1

**EXHIBIT A**

10



7.  Failure to Correctly Calculate Overtime Rates (Cal. Lab. Code § 510);
8.  Secret Payment of Lower Wages Than Required by Statute (Cal. Lab. Code § 223);
9.  Failure to Provide Accurate Written Wage Statements (Cal. Lab. Code § 226);
10. Failure to Timely Pay All Final Wages Owed (Cal. Lab. Code §§ 201-203);
11. Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and
12. Civil Penalties (Cal. Lab. Code §§ 2698, *et seq.*).

**JURY TRIAL DEMANDED**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

2

Plaintiff Shane Studley ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    This case arises out of defendants Alliance Healthcare Services, Inc., Which Will Do Business in California as Alliance Imaging (hereafter "Alliance") and the other defendants' unlawful labor and payroll practices in the United States, including California. Specifically, Defendants owe moneys to Plaintiff and other similarly situated current and former employees as a result of their numerous unlawful labor practices including, but not limited to, failing to pay employees for all hours worked, failing to provide rest and meal periods, failing to include all applicable remuneration into regular rates of pay for overtime purposes, failing to provide accurate written wage statements, and failing to timely pay all final wages owed following termination or discharge. Accordingly, Plaintiff, on behalf of himself and other similarly situated current and former employees of Defendants, seeks damages, restitution, penalties, and other appropriate forms of relief.

## THE PARTIES

A.    **Plaintiffs**

2.    Plaintiff Shane Studley began working for Defendants in California as a Technologist in April of 2005 and was continuously employed by them in that capacity until March of 2009. At relevant times during the applicable limitations periods, Plaintiff alleges that Defendants failed to compensate him and other similarly situated employees for all hours worked, failed to provide him and other similarly situated employees with all legally required rest and meal periods, failed to compensate him and other similarly situated employees with the additional wages required by California law for rest and meal periods not provided, failed to compensate him and other similarly situated employees for all overtime hours worked, failed to compensate him and other similarly situated employees for all overtime hours worked based on correctly calculated regular rates of pay reflecting all applicable remuneration  including, but not limited to, on-call pay, secretly paid him and other similarly situated employees lower wages than required by statute while purporting to pay legal wages, failed to provide him and

1  other similarly situated employees with accurate written wage statements, and failed to timely

2  pay him and other similarly situated employees all final wages owed after their employment

3  with Defendants ended.

4  **B.    Defendants**

5      3.    Defendant Alliance Healthcare Services, Inc. Which Will Do Business in

6  California as Alliance Imaging is a corporation organized under the laws of Delaware. At all

7  times relevant to this action, Plaintiff is informed and believes and thereon alleges that

8  Defendants conducted business operations and employed both Plaintiff and other class members

9  in the United States, including California.

10     4.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of

11  participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but

12  is informed and believes and thereon alleges that said defendants are legally responsible for the

13  wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

14  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE

15  Defendants when ascertained.

16     5.    Plaintiff is informed and believes and thereon alleges that each defendant acted

17  in all respects pertinent to the action as the agent of the other defendants, carried out a joint

18  scheme, business plan or policy in all respects pertinent hereto, and that the acts of each

19  defendant are legally attributable to each of the other defendants.

20                              **CLASS ACTION ALLEGATIONS**

21     6.    Plaintiff brings the action on behalf of himself and all others similarly situated as

22  a class action pursuant to California Code of Civil Procedure § 382 with respect to the causes of

23  action based on California law and as an opt-in collective action pursuant to 29 U.S.C. § 216(b)

24  with respect to the causes of action based on the federal Fair Labor Standards Act (FLSA). The

25  class and subclass members are defined as follows:

26          **California Underpayment Class:** All persons employed by Defendants
            as Technologists in California who were not paid wages for all hours
27          worked during the period beginning four (4) years prior to the filing of this
            action and ending on the date that judgment is entered in this action.
28

4

---

13

**FLSA Underpayment Class** All persons employed by Defendants as Technologists in the United States who were not paid wages for all hours worked during the period beginning three (3) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**California Rest Period Class:** All persons employed by Defendants as Technologists in California who were not provided with a net rest period of at least ten (10) minutes per each four (4) hour work period, or major portion thereof, during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**California Meal Period Class:** All persons employed by Defendants as Technologists in California who were not provided with uninterrupted thirty (30) minute meal periods during each work period of five (5) or more hours, including, but not limited to, second uninterrupted thirty (30) minute meal periods on days they worked ten (10) hours or more, during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**FLSA Overtime Class:**  All persons employed by Defendants as Technologists in the United States who ever worked in excess of forty (40) hours per week without receiving overtime pay at one and one-half their respective regular rates of pay for all hours worked in excess of forty (40) hours per week during the period beginning three (3) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**FLSA Overtime Rate Class:** All members of the **FLSA Overtime Class** who did not receive overtime pay based on a correctly calculated regular rate of pay reflecting all applicable forms of remuneration received including, but not limited to, on-call pay during the period beginning three (3) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**California Overtime Class:** All persons employed by Defendants as Technologists in California including, but not limited to, members of the **Rest Period Class**, and/or **Meal Period Class**, who, during the period beginning four years prior to the filing of this action and ending on the date that final judgment is entered in this action, ever worked: a) in excess of eight (8) hours in one (1) day; b) in excess of forty (40) hours in one (1) week; and/or c) seven (7) days in any workweek.

**California Overtime Rate Class:**  All members of the **California Overtime Class** who did not receive overtime pay based on a correctly calculated  regular  rate  of  pay  reflecting  all  applicable  forms  of

5

remuneration received including, but not limited to, on-call pay during the period beginning four (4) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**California Secret Underpayment Class:**  All persons who are members of any of the following classes: **California Underpayment Class, California Rest Period Class, California Meal Period Class, California Overtime Class,** and/or **California Overtime Rate Class** who have been employed by Defendants as Technologists in California at any time during the period beginning four (4) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**California Inaccurate Wage Statement Class:** All persons who are members of the **California Underpayment Class, California Rest Period Class, California Meal Period Class, California Overtime Class, California Overtime Rate Class,** and/or **California Secret Underpayment Class,** who have been employed by Defendants as Technologists in California at any time during the period beginning four (4) years prior to the filing of this action and ending on the date that judgment is entered in this action.

**California Former Employee Class:** All persons who are members of the **California Underpayment Class, California Rest Period Class, California Meal Period Class, California Overtime Class, California Overtime Rate Class,** and/or **California Secret Underpayment Class,** whose employment with Defendants ended during the period beginning four (4) years prior to the filing of this action and ending on the date judgment is entered in this action, who either: a) were discharged and not paid all wages owed on or before the day of termination; b) resigned without notice and were not paid all wages owed within 72 hours of resignation; or c) resigned with 72 hours notice and were not paid all wages owed on or before the day of quitting.

**California UCL Class:**  All persons who are members of any of the following classes: **California Underpayment Class, California Rest Period Class, California Meal Period Class, California Overtime Class, California Overtime Rate Class, California Secret Underpayment Class,** and/or **California Former Employee Class,** who have been employed by Defendants as Technologists in California at any time during the period beginning four (4) years prior to the filing of this action and ending on the date that judgment is entered in this action.

7.     The action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest

6

among the persons who comprise readily ascertainable class.

8.      The action has also been brought and may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) because Plaintiff is informed and believes and thereon alleges that the conduct of Defendants at issue in this action is result of policies and/or practices to which both Plaintiff and other similarly situated employees have been subject.

9.      Plaintiff is unaware of any difficulties that are likely to be encountered in the management of the case as a class action.

10.     The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes and thereon alleges that the actual number of class members exceeds the minimum number required for numerosity purposes under both California and federal law.

11.     Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

      A.   Did Defendants have a policy or practice of not paying class members for all hours worked?

      B.   Did Defendants have a policy or practice of not providing class members with all legally required meal periods?

      C.   Did Defendants have a policy or practice of not providing class members with legally required rest periods of ten (10) minutes for every four (4) hours worked?

      D.   Did Defendants have a policy or practice of not paying class members the legally required overtime rates for all overtime hours worked?

      E.   Did Defendants have a policy or practice of not properly including all applicable forms of remuneration into class members' regular rates of pay for overtime purposes?

//

7

F.   Did Defendants have a policy or practice of providing class members with inaccurate wage statements?

G.   Did Defendants have a policy or practice of not paying class members all final wages owed upon termination of employment in accordance California Labor Code §§ 201–202?

H.   Did Defendants have a policy or practice of secretly withholding compensation from class members by paying them lower wages than required by statute?

I.   Did Defendants engage in unfair competition in violation of California Business & Professions Code § 17200 by engaging in the unlawful practices alleged herein?

J.   Are class members entitled to recover restitution from Defendants under California Business & Professions Code § 17203?

K.   Are class members entitled to recover civil penalties for Defendants' alleged violations of the California Labor Code?

12.   Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code, the California Business and Professions Code, and the FLSA as alleged herein.

13.   Plaintiff will fairly and adequately represent and protect the interests of the other class members. Plaintiff has no interests adverse to the interests of the other class members. In addition, Plaintiff is represented by counsel experienced in wage and hour class action cases. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

14.   A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and

8

1  efficiently prosecute their common claims in a single forum without the unnecessary duplication

2  of effort and expense that numerous individual actions would entail.  In addition, the monetary

3  amounts due to many individual class members are likely to be relatively small and would thus

4  make it difficult, if not impossible, for individual class members to both seek and obtain relief.

5  <u>**FIRST CAUSE OF ACTION**</u>

6  **FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

7  **(Cal. Lab. Code § 204)**

8  **(By Plaintiff and the California Underpayment Class)**

9  15.    Plaintiff incorporates paragraphs 1 through 14 of the Complaint as if fully

10  alleged herein.

11  16.    At all relevant times, both Plaintiff and the other members of the **California**

12  **Underpayment Class** have been entitled to the full protections of the California Labor Code,

13  including, but not limited, to, timely wage payments in accordance with California Labor Code

14  § 204. As such, members of the **California Underpayment Class** have been entitled to be

15  timely compensated for all hours worked, including for off-the-clock work which Defendants

16  either knew or should have known that they were performing.

17  17.    Defendants failed to pay Plaintiff and other class members for all hours worked

18  during every pay period during the applicable limitations period even though Defendants either

19  knew or should have known that they were not compensating Plaintiff for all hours worked,

20  including off-the-clock work. Plaintiff is informed and believes and thereon alleges that, at all

21  relevant times within the applicable limitations period, Defendants maintained a policy or

22  practice of failing to pay members of the **California Underpayment Class** for all hours

23  worked, including for off-the-clock work that Defendants either knew or should have known

24  that class members were performing.

25  18.    As a result of Defendants' unlawful conduct, Plaintiff and the members of

26  **California Underpayment Class** have suffered damages in an amount, subject to proof, to the

27  extent they were not paid the full amount of wages earned during each pay period during the

28  applicable limitations period in which they were not compensated for all hours worked.

9

18

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED

#### (29 U.S.C. § 201, *et seq.*)

#### (By Plaintiff and the FLSA Underpayment Class)

19.    Plaintiff incorporates paragraphs 1 through 18 of the Complaint as if fully alleged herein.

20.    The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*, applies to employees in industries engaged in interstate commerce. *See* 29 U.S.C. § 202(a). Because Defendants engage in commerce among the several States, both Plaintiff and the other members of the **FLSA Underpayment Class** are entitled to the protections of the FLSA. *See* 29 U.S.C. § 203(b).

21.    The FLSA requires employees to be compensated for all hours worked including, but not limited to, "All time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace." 29 C.F.R. § 778.223. If an employee is "suffered or permitted" to work, even though not instructed or requested to do so, the time so spent is compensable working time, or hours worked. *See* 29 C.F.R. §§ 785.11-785.13, and 778.316; *see also* 29 C.F.R. § 778.223.

22.    By not compensating Plaintiff for all hours worked as a result of requiring or otherwise encouraging or permitting Plaintiff to perform off-the-clock work, Defendants intentionally and willfully required Plaintiff to perform work without compensating him. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable three-year limitations period set forth under 29 U.S.C. § 255, Defendants maintained a policy or practice of willfully not compensating the members of the **FLSA Underpayment Class** for all hours worked by requiring or otherwise encouraging or permitting them to perform off-the-clock work in violation of the FLSA.

23.    The FLSA authorizes an employee to bring an opt-in representative action on behalf of himself and other similarly situated employees. 29 U.S.C. § 216(b). Because Plaintiff has been subject to the same allegedly unlawful policies and/or practices of Defendants as the

members of the **FLSA Underpayment Class**, Plaintiff is entitled to bring this action on behalf of himself and the **FLSA Underpayment Class**.

24.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks monetary damages on behalf of himself and the members of the **FLSA Underpayment Class** in the form of monetary compensation for all hours worked for which compensation was not provided in amounts subject to proof, liquidated damages, reasonable attorney's fees and costs of suit resulting from Defendants' willful failure to comply with the FLSA.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST AND MEAL PERIODS

### (Cal. Lab. Code §§ 226.7 and 512)

### (By Plaintiff, the California Rest Period Class, and the California Meal Period Class)

25.     Plaintiff incorporates paragraphs 1 through 24 of the Complaint as if fully alleged herein.

26.     At all relevant times during the applicable limitations period, Plaintiff and the members of the **California Rest Period Class** and the **California Meal Period Class** have been non-exempt employees of Defendants entitled to the benefits and protections of California Labor Code §§ 226.7 and 512, and the applicable orders of the Industrial Welfare Commission.

27.     Pursuant to the applicable orders of the Industrial Welfare Commission, Plaintiff and the members of the **California Rest Period Class** were entitled to be provided with net rest periods of at least ten (10) minutes for each four (4) hour period of work, or major portion thereof.

28.     Defendants failed to provide Plaintiff with all required rest periods in accordance with California Labor Code § 512 and the applicable orders of the Industrial Welfare Commission. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **California Rest Period Class** with all rest periods required by California law.

//

11

20

29.     Pursuant to California Labor Code § 512 and the applicable orders of the Industrial Welfare Commission, Plaintiff and the members of the **California Meal Period Class** were entitled to be provided with uninterrupted meal periods of at least thirty (30) minutes for each day they worked five (5) or more hours, including second uninterrupted thirty (30) minute meal periods on days they worked ten (10) or more hours.

30.     Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the applicable orders of the Industrial Welfare Commission. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **California Meal Period Class** with all meal periods required by California law, including second meal periods on days on which they worked ten (10) or more hours.

31.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 and the applicable orders of the Industrial Welfare Commission for rest and/or meal periods not provided to them. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy or practice of not paying additional wages to members of the **California Rest Period Class** and/or **California Meal Period Class** for rest and/or meal periods not provided to them as required by law.

32.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the **California Rest Period Class** and **California Meal Period Class** have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for rest and/or meal periods not provided to them.

//
//
//
//
//

12

## FOURTH CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME HOURS WORKED**

**(29 U.S.C. §§ 201, *et seq.*)**

**(By Plaintiff and the FLSA Overtime Class)**

33.    Plaintiff incorporates paragraphs 1 through 32 of the Complaint as if fully alleged herein.

34.    The FLSA requires employers subject to the Act to compensate employees at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty (40) hours in one week. 29 U.S.C. § 207(a)(1).

35.    Plaintiff has regularly worked more than forty (40) hours in one (1) week without receiving overtime compensation for overtime hours worked as a result of Defendants willful and intentional failures to compensate Plaintiff for all hours worked as set forth herein. Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have maintained a policy or practice of willfully and intentionally not compensating the members of the **FLSA Overtime Class** for all hours worked in excess of forty (40) hours in one (1) week by virtue of the practices described herein.

36.    Because Plaintiff has been subject to the same allegedly unlawful policies and/or practices of Defendants as the members of the **FLSA Overtime Class**, Plaintiff is entitled to bring this action on behalf of himself and the members of the **FLSA Overtime Class**.

37.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks monetary damages on behalf of himself and the members of the **FLSA Overtime Class** for hours worked in excess of forty (40) hours in one week at one and one half-times the respective regular rates of pay for each class member, in amounts subject to proof, liquidated damages, reasonable attorney's fees and costs of suit resulting from Defendants' willful failure to comply with the FLSA.

//

//

//

//

13

22

### FIFTH CAUSE OF ACTION

### FAILURE TO CORRECTLY CALCULATE OVERTIME RATES

### (29 U.S.C. §§ 201, *et seq.*)

### (By Plaintiff and the FLSA Overtime Rate Class)

38.     Plaintiff incorporates paragraphs 1 through 37 of the Complaint as if fully alleged herein.

39.     The FLSA requires employers subject to the Act to compensate employees at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty (40) hours in one week. 29 U.S.C. § 207(a)(1). The regular rate includes "all [applicable] remuneration paid to, or on behalf of the employee." *See* 29 U.S.C. § 207(e).

40.     Plaintiff has regularly performed overtime work but Defendants have willfully and intentionally not paid him overtime compensation based on a regular rate of pay that reflects all applicable forms of remuneration received, including, but not limited to, on-call pay, in violation of the FLSA. Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have willfully and intentionally maintained a policy or practice of not paying members of the **FLSA Overtime Rate Class** overtime compensation based on regular rates of pay which reflect all applicable forms of remuneration they have received, including, but not limited to, on-call pay, in violation of the FLSA.

41.     Because Plaintiff has been subject to the same allegedly unlawful policies and/or practices of Defendants as the members of the **FLSA Overtime Rate Class**, Plaintiff is entitled to bring this action on behalf of himself and the members of the **FLSA Overtime Rate Class**.

42.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks monetary damages on behalf of himself and the members of the **FLSA Overtime Rate Class** for all hours worked in excess of forty (40) hours in one week at one and one half-times the respective regular rates of pay for each class member at regular rates of pay that properly factor in all applicable forms of remuneration received, in amounts subject to proof, liquidated damages, reasonable attorney's fees and costs of suit resulting from Defendants' willful failure to comply with the FLSA.

//

23

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME HOURS WORKED

#### (Cal. Lab. Code § 510)

#### (By Plaintiff and the California Overtime Class)

43.     Plaintiff incorporates paragraphs 1 through 42 of the Complaint as if fully alleged herein.

44.     California Labor Code § 510(a) requires employers to compensate non-exempt employees at one and one-half times their regular rates of pay for:

A.     All hours worked in excess of eight hours in one workday;

B.     All hours worked in excess of forty hours in one workweek; and,

C.     The first eight hours worked on a seventh consecutive workday during a workweek.

45.     California Labor Code § 510(a) also requires employers to compensate non-exempt employees at two times their regular rates of pay for:

A.     All hours worked in excess of twelve hours in one day; and,

B.     All hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

46.     During the applicable limitations period, Defendants have failed to compensate Plaintiff for all overtime hours he has worked at the legally required overtime rates.  Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have maintained a policy or practice of failing to compensate the members of the **California Overtime Class** for all overtime hours at the legally required overtime rates.

47.     As a result of Defendants' conduct, Plaintiff, on behalf of himself and the members of the **California Overtime Class**, seeks compensation for all overtime hours worked for the relevant time periods set forth herein as well as interest thereon, costs and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

//

//

15

## SEVENTH CAUSE OF ACTION

### FAILURE TO CORRECTLY CALCULATE OVERTIME RATES

#### (Cal. Lab. Code § 510)

#### (By Plaintiff and the California Overtime Rate Class)

48.     Plaintiff incorporates paragraphs 1 through 47 of the Complaint as if fully alleged herein.

49.     California applies the same standards as the FLSA for determining what remuneration must be included in an employee's regular rate of pay for overtime purposes.

50.     By not including all applicable forms of remuneration into Plaintiff's regular rate of pay for overtime purposes, including, but not limited to, on-call pay, Defendants have failed to compensate Plaintiff for all overtime hours worked at the legally required overtime rates. Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have maintained a policy or practice of not compensating the members of the **California Overtime Rate Class** for all overtime hours worked at the legally required overtime rates by failing to include all applicable forms of remuneration, including, but not limited to, on-call pay, into their respective regular rates of pay.

51.     As a result of Defendants' conduct, Plaintiff, on behalf of himself and the members of the **California Overtime Class**, seeks compensation for all overtime hours worked for the relevant time periods set forth herein based on regular rates of pay reflecting all applicable forms of remuneration paid to or on behalf of class members, as well as interest thereon, costs and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

## EIGHTH CAUSE OF ACTION

### SECRETLY PAYING LOWER WAGES THAN REQUIRED BY STATUTE

#### (Cal. Lab. Code § 223)

#### (By Plaintiff and the California Secret Underpayment Class)

52.     Plaintiff incorporates paragraphs 1 through 51 of the Complaint as if fully alleged herein.

//

16

25

53.     California Labor Code § 223 states in relevant part, "Where any statute . . . requires an employer to maintain a designated wage scale, it shall be unlawful to secretly page a lower wage while purporting to pay the wage designated by statute."

54.     Defendants have purported to pay members of the **California Secret Underpayment Class** pursuant to the wage scales set forth in the California Labor Code. However, Defendants have in fact secretly paid them lower wages than required by statute by failing to pay them for all hours worked, failing to provide them with an additional hour of pay for meal periods not provided, failing to provide them with an additional hour of pay for rest periods not provided, failing to pay them for all overtime hours worked at the legally required overtime rates, and/or failing to include all applicable forms of remuneration in their respective regular rates of pay for overtime purposes.

55.     By reason of the above, Plaintiff and the members of the **California Secret Underpayment Class** are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of this complaint until the date of entry of judgment. Further, Plaintiff, on behalf of himself and members of the **California Secret Underpayment Class**, seeks interest thereon pursuant to California Labor Code § 218.6, costs pursuant to California Labor Code § 218.6, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Cal. Lab. Code § 226)

### (By Plaintiff and the California Inaccurate Wage Statement Class)

56.     Plaintiff incorporates paragraphs 1 through 55 of the Complaint as if fully alleged herein.

57.     At all relevant times, Plaintiff and the members of the **California Inaccurate Wage Statement Class** were employees of Defendants entitled to the benefits and protections of California Labor Code § 226. Pursuant to California Labor Code § 226(a), Plaintiff and the members of the **California Inaccurate Wage Statement Class** were entitled to receive,

17

semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

58.   During the applicable limitations period, Defendants failed to provide Plaintiff with accurate itemized statements in accordance with California Labor Code § 226(a) by failing to compensate him for all hours worked, failing to compensate him for meal periods not provided, failing to compensate him for rest periods not provided, failing to compensate him for all overtime hours worked, failing to properly calculate his regular rate of pay for overtime purposes, and by secretly paying him lower wages than required by statute. Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have also maintained a policy or practice of failing to provide the members of the **California Inaccurate Wage Statement Class** with accurate wage statements by failing to compensate them for all hours worked, failing to compensate them for meal periods not provided, failing to compensate them for rest periods not provided, failing to compensate them for all overtime hours worked, failing to properly calculate their regular rates of pay for overtime purposes, and by secretly paying them lower wages than required by statute.

59.   Defendants' failure to provide Plaintiff and the members of the **California Inaccurate Wage Statement Class** with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the members of the **California Inaccurate Wage Statement Class** with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

60.   As a result of Defendants' unlawful conduct, Plaintiff and the members of the **California Inaccurate Wage Statement Class** have suffered injuries. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. Additionally, Defendants' failure to provide accurate information on their wage statements has prevented immediate challenges to their unlawful pay practices, has required time-intensive discovery and mathematical computations to

determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

61.     Pursuant to California Labor Code § 226(e), Plaintiff and the members of the **California Inaccurate Wage Statement Class** are entitled to recover fifty dollars for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per class member, and are entitled to an award of costs and reasonable attorney's fees.

## TENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES OWED

#### (Cal. Lab. Code §§ 201-203)

#### (By Plaintiff and the California Former Employee Class)

62.     Plaintiff incorporates paragraphs 1 through 61 of the Complaint as if fully alleged herein.

63.     At all relevant times, Plaintiff and the members of the **California Former Employee Class** were employees of Defendants covered by California Labor Code § 201 or California Labor Code § 202. Pursuant to California Labor Code § 201 or California Labor Code § 202, Plaintiff and the members of the **California Former Employee Class** were entitled to payment of all wages earned and unpaid prior to the termination of their employment. Members of the **California Former Employee Class** who are employees were entitled to payment of their earned and unpaid wages no later than the day on which their employment terminated. Members of the **California Former Employee Class** who resigned were entitled to payment of their earned and unpaid wages within 72 hours after giving notice of resignation or, if they had given at least 72 hours previous notice, no later than the day their employment terminated.

//

//

19

64.　　Defendants willfully failed to timely pay Plaintiff all wages earned and unpaid prior to termination in accordance with California Labor Code § 201 by failing to compensate him for all hours worked, failing to compensate him for meal periods not provided, failing to compensate him for rest periods not provided, failing to compensate him for all overtime hours worked at the legally required overtime rates, failing to compensate him based on a regular rate of pay reflecting all applicable forms of remuneration received, including on-call pay, secretly paying him lower wages than required by statute, and failing to provide him with accurate wage statements. Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants have maintained policies or practices of willfully failing to timely pay all wages due to the members of the **California Former Employee Class** in accordance with California Labor Code § 201 or California Labor Code § 202 by failing to compensate them for all hours worked, failing to compensate them for meal periods not provided, failing to compensate them for rest periods not provided, failing to compensate them for all overtime hours worked at the legally required overtime rates, failing to compensate them based on regular rates of pay reflecting all applicable forms of remuneration received, including on-call pay, secretly paying them lower wages than required by statute, and/or failing to provide them with accurate wage statements.

65.　　In addition, Plaintiff is informed and believes and thereon alleges that Defendants had the ability to pay all wages earned by the members of the **California Former Employee Class** prior to termination in accordance with California Labor Code § 201 or California Labor Code § 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code § 201 or California Labor Code § 202.

66.　　Pursuant to California Labor Code § 201 or California Labor Code § 202, Plaintiff and the members of the **California Former Employee Class** are entitled to all wages earned prior to the termination of their employment that Defendants did not pay them as well as continuations of their wages, from the days their earned and unpaid wages were due upon the termination of their employment until paid, up to a maximum of thirty (30) days, in amounts subject to proof.

67.     As a result, Plaintiff and the members of the **California Former Employee Class** are entitled to recover the full amount of their unpaid wages, interest thereon under California Labor Code § 218.6, continuation wages under California Labor Code § 203, reasonable attorney's fees and costs of suit.

**ELEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and the California UCL Class)**

68.     Plaintiff incorporates paragraphs 1 through 67 of the Complaint as if fully alleged herein.

69.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business & Professions Code § 17200.  Due to its unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California which comply with their legal obligations to compensate employees for all earned wages.

70.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the members of the **California UCL Class** have suffered injury in fact and lost money or property.  Both Plaintiff and the members of the **California UCL Class** were not compensated for all hours worked, not compensated for meal periods not provided, not compensated for rest periods not provided, not compensated for all overtime hours at the legally required overtime rates, secretly paid lower wages than required by statute, not provided with accurate wage statements, and/or not timely paid all wages owed upon termination and/or continuation wages owed.

71.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the members of the **California UCL Class** are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

//

21

30

72.    Plaintiff and the members of the **California UCL Class** are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## TWELFTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Cal. Lab. Code §§ 2698, *et seq.*)

73.    Plaintiff incorporates paragraphs 1 through 72 of the Complaint as if fully alleged herein.

74.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512 and 1194.

75.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

76.    Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and other aggrieved employees are entitled to recover civil penalties for Defendants' violations of California Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512 and 1194 during the applicable limitations period in the following amounts:

A.    For violations of California Labor Code §§ 201, 202, 203, 226.7, and 1194, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

B.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty

amounts established by California Labor Code § 210);

C.   For violations of California Labor Code § 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 225.5);

D.   For violations of California Labor Code § 226(a), two hundred fifty ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3); and

E.   For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 558).

77.   Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter postmarked August 6, 2009, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. By letter dated September 23, 2009, Plaintiff received notice from the LWDA that it does not intend to investigate the alleged violations.

78.   Pursuant to California Labor Code § 2699(g), Plaintiff and is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

//

**PRAYER FOR RELIEF**

1.    WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to the causes of action for violations of California law;

B.    An order that the action be certified as a collective action with respect to the causes of action for violations of the FLSA;

C.    An order that Plaintiff be appointed class representative;

D.    An order that counsel for Plaintiff be appointed class counsel;

E.    Damages;

F.    Restitution;

G.    Declaratory relief;

H.    Injunctive relief;

I.    Civil penalties;

J.    Statutory penalties;

K.    Pre-judgment interest;

L.    Costs of suit;

M.    Reasonable attorney's fees; and

N.    Such other relief as the Court deems just and proper.

Dated:  November 25,  2009

LAW OFFICES OF SHAUN SETAREH                THE SPIVAK LAW FIRM

By:  _____               By: _____
        SHAUN SETAREH                                        DAVID SPIVAK

LAW OFFICES OF LOUIS BENOWITZ

By:  _____               Attorneys for Plaintiffs,
        LOUIS BENOWITZ                                   SHANE STUDLEY, and
                                                                      all others similarly situated

24

**EXHIBIT   B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Alliance Healthcare Services, Inc. Which Will Do Business in California as Alliance Imaging, a Delaware corporation; and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Shane Studley, and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 01 2009

ALAN CARLSON, Clerk of the Court

BY _____ J. HAINES _____, DEPUTY

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Clerk of the Superior Court

Orange County Superior Court
Civil Complex Center
~~700 Civic Center Drive West~~
Santa Ana, CA 92701

751 W. Santa Ana Blvd.
Santa Ana, Ca 92701

JUDGE DAVID C. VELASQUEZ
DEPT. CX101

CASE NUMBER:
*(Número del Caso):*

30-2009
00326149

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David Spivak, 9454 Wilshire Blvd, Suite 303, Beverly Hills, CA 90212, Tel: (310) 499-4730

DATE: **DEC 01 2009**    **ALAN CARLSON**, Clerk, by    **J. HAINES**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov





EXHIBIT B

34

**EXHIBIT   C**

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.                    SBN: 179684 | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
David Spivak, Esq.                    SBN: 179684
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, CA 90212
TELEPHONE NO.: 3104994730            FAX NO. *(Optional):* 3104994739
E-MAIL ADDRESS *(Optional):* david@spivaklaw.com
ATTORNEY FOR *(Name):* Shane Studley

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Complex Civil Center (CXC)

PLAINTIFF/PETITIONER: SHANE STUDLEY

DEFENDANT/RESPONDENT: ALLIANCE HEALTHCARE SERVICES, INC

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
30-2009-00326149

TO *(insert name of party being served):* ALLIANCE HEALTHCARE SERVICES, INC D.B.A. ALLIANCE IMAGING

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 18, 2009

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Notice of Related Case; Guidelines - All Complex Civil Deparments; ADR Information Package, Department CX101 Guidelines; Class Action/B&P 17200 Questionnaire

*(To be completed by recipient):*

Date this form is signed:

_____                              _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use          **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**   ProDoc®   Code of Civil Procedure,
Judicial Council of California                                                                §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]                                                               www.courtinfo.ca.gov

EXHIBIT C

35

**EXHIBIT   D**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— David Spivak (SBN 179684)<br>THE SPIVAK LAW FIRM<br>9454 Wilshire Boulevard, Suite 303<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 499-4730    FAX NO.: (310) 499-4739<br>ATTORNEY FOR (Name): Shane Studley, and all others similarly situated | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>DEC 01 2009<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: ~~700 Civic Center Drive West~~
MAILING ADDRESS: ~~700 Civic Center Drive West~~
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: ~~Central Justice Center~~

*Clerk of the Superior Court*
*Civil Complex Center*
*751 W. Santa Ana Blvd.*
*Santa Ana, Ca 92701*

CASE NAME:
Studley v. Alliance Healthcare Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | 00326149<br><br>JUDGE DAVID C. VELASQUEZ<br>DEPT. CX101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Twelve (12)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 25, 2009

David Spivak
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br> |



EXHIBIT D

36

**EXHIBIT   E**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David Spivak (SBN 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 499-4730    FAX NO. *(Optional):* (310) 499-4739
E-MAIL ADDRESS *(Optional):* david@spivaklaw.com
ATTORNEY FOR *(Name):* Shane Studley, and all others similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 01 2009**

ALAN CARLSON, Clerk of the Court

BY _____ J. HAINES _____, DEPUTY

**30-2009**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: ~~700 Civic Center Drive West~~ of the Superior Court
MAILING ADDRESS: ~~700 Civic Center Drive West~~ Civil Complex Center
CITY AND ZIP CODE: Santa Ana, CA 92701    751 W. Santa Ana Blvd.
BRANCH NAME: ~~Central Justice Center.~~   Santa Ana, Ca 92701

PLAINTIFF/PETITIONER: Shane Studley, and all others similarly situated

DEFENDANT/RESPONDENT: Alliance Healthcare Services, Inc., et al.

CASE NUMBER:
**00326149**
JUDGE DAVID C. VELASQU
DEPT. CX101

DEPT.:
JUDGE DAVID C. VELASQUEZ
DEPT. CX101

**NOTICE OF RELATED CASE**

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Studley v. Alliance Healthcare Services, Inc.

   b. Case number: 09-CV-0769-BTM (NLSx)

   c. Court: [ ] same as above

      [✓] other state or federal court *(name and address):* US Ct., SDCA, 940 Front St, San Diego, CA 92101

   d. Department: Courtroom 15, Hon. Barry Ted Moskowitz

   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

   f. Filing date: April 14, 2009

   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      [✓] involves the same parties and is based on the same or similar claims.

      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [ ] involves claims against, title to, possession of, or damages to the same property.

      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         [ ] Additional explanation is attached in attachment 1h

   i. Status of case:

      [ ] pending

      [✓] dismissed [ ] with [✓] without prejudice

      [ ] disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: [ ] same as above

      [ ] other state or federal court *(name and address):*

   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Page 1 of 3<br>Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT _E_**

37

CM-015

| PLAINTIFF/PETITIONER: Shane Studley, and all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alliance Healthcare Services, Inc., et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: November 25, 2009

David Spivak
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
    (SIGNATURE OF PARTY OR ATTORNEY)

38

CM-015

| PLAINTIFF/PETITIONER:   Shane Studley, and all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Alliance Healthcare Services, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service.  The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.**  I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
    a. ☐  deposited the sealed envelope with the United States Postal Service.
    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a.  Name of person served:

    Street address:
    City:
    State and zip code:

    c.  Name of person served:

    Street address:
    City:
    State and zip code:

    b.  Name of person served:

    Street address:
    City:
    State and zip code:

    d.  Name of person served:

    Street address:
    City:
    State and zip code:

☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                            (SIGNATURE OF DECLARANT)

39

**EXHIBIT   F**

**Superior Court of California**
**County of Orange**

**CIVIL COMPLEX CENTER**
**751 W. Santa Ana, Blvd. Santa Ana, CA 92701**
**PO BOX 22028 92702-2028**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|------|--------------|----------------------|-----------------|----------------------------------------------|----------------------------------------------------------|
| CX101 | Velasquez (714) 568-4802 | Thursdays 1:30 P.M.* | M - F, 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX102 | Andler (714) 568-4822 | Thursdays, 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 am, day before ex parte hearing. Ex parte papers shall be lodged directly in dept. CX102 and not filed with the clerk's office unless otherwise ordered by the court. | 12:00 p.m., day before ex parte hearing;  opposition must be in writing |
| CX103 | Bauer (714) 568-4812 | Mondays, 10:30 A.M. | Tu, Th 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX104 | Colaw (714) 568-4818 | Fridays 10:00 A.M.* | M, T, W and F, 1:30 P.M. | 12:00 a.m., day before ex parte hearing | 10:00a.m., day of ex parte hearing |
| CX105 | Stock (714) 568-4807 | Fridays, 9:00 A.M.* | M - F, 1:30 P.M. | 10:00 a.m., day before ex parte hearing | 12:00 p.m., day before ex parte hearing;  opposition must be in writing |

*Law and Motion Tentative Rulings are issued and posted on the Internet.

1.  The consideration of ex parte applications shall not interfere with or delay the trial in progress.  Requirements pursuant to California Rules of Court (CRC) 3.1200-3.1207 shall apply.  All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application.

    Moving party shall submit on moving papers unless the Court invites oral argument.   Moving papers must:

    - Include a declaration of Notice of Ex Parte Hearing and a proposed order.
    - State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2.  For information regarding fees or the Orange County Superior Court Local Rules, go to: http://www.occourts.org.

3.  Moving and responding parties shall be in the department at the appointed time.  No check-ins will be received after the appointed time without good cause.  There will be no second call.

4.  Teleconference appearances are available through CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.  Teleconference appearance is voluntary and does not require consent of the other attorneys or parties in the case.  The Court does, however, reserve the right to reject any request.

5.  The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record.

6.  The direct Fax filing number is (714) 568-5180.  Refer to Orange County Superior Court Local Rule 380. (Not applicable if for complex cases subject to the Electronic Filing Order.)

**PLAINTIFF SHALL SERVE A COPY OF THE COMPLEX GUIDELINES WITH THE SUMMONS AND COMPLAINT**

Rev May 26, 2009



EXHIBIT _F_

40

**√ Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.**



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation. These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange,* and these *Guidelines* is expected. The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

## COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism.* (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

41

## I. GENERAL MATTERS

1.  When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2.  The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3.  Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4.  Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (714) 568-4700. The local rules are available on the court's public internet home page.

5.  Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

42

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.  However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial.  The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer:** This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions.  Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings:** Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

43

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and     resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial Conference is not a substitute for the Issues Conference required by Local Rule 317.**

44

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

IX. **Use of the Court's Evidence Presentation Systems**

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, Kelly v. New West Federal Savings (1996) 49 Cal.App.4[th] 659,671.

APPENDIX 1
## California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

7

47

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. July 1, 2009)

48

**EXHIBIT   G**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT G

49

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

52

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                   Bar No.: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

     _____

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                              California Rules of Court, rule 3.221
L1270 (Rev February, 2008)

53

**EXHIBIT   H**

Superior Court of California
County of Orange
Civil Complex Center

# Department CX101 Guidelines

Ex Parte / Law & Motion / Trial Exhibits

## Ex Parte Information

- Ex parte applications are heard Monday through Friday at 1:30 p.m. Notice and service of an application shall be given as provided in Rules 3.1203-3.1206, California Rules of Court (CRC). The application must be **filed** no later than **10:00 a.m.** on the day of the hearing, and must be e-filed. A courtesy copy may be lodged directly in Department CX-101.
- Prior to giving notice moving party shall telephone Department CX-101 at (714/568-4802) no later than noon of the court day **before** the matter is to be heard.
- All papers shall be electronically filed with the clerk of the court. Please reference the *Complex Court Guidelines* for further information.
- The court will attempt to issue a tentative ruling on the application as soon as practicable. If available, tentative rulings may be obtained from the clerk when the parties check-in with the clerk prior to the hearing. Because of the press of court business, the parties may have to wait before the hearing is called.

## Law & Motion

- Law and Motion is heard every **Thursday at 1:30 p.m.**, unless otherwise posted by the court. The court does not require parties to reserve a hearing date. However, occasionally the date sought by the filing party for the hearing of the motion is unavailable. If this occurs, the clerk's office will notify the filing party at the time the motion is filed. It is suggested that the filing party have alternative dates in mind in case the initial date is unavailable.
- **Tentative Rulings -** The court does not issue internet rulings. Rather, the court follows the provisions of CRC, Rule 3.1308(b). However, as soon as they become available, tentative rulings may be obtained by telephone, in writing on the date of the hearing, or by e-mail if requested from the courtroom assistant at (714/568-4802).
- **Suggestions -** The court finds tables of contents and tables of authorities very helpful for motions longer than 5 pages. Remember that a table of contents is a good way to preview the points you make in the motion and are part of your persuasive presentation. Please avoid footnotes. The court prefers the citation of authority immediately following the point stated in the memorandum.
- Succinctness is greatly appreciated. Please keep hyperbole to a minimum. Vitriol directed against opposing counsel may not be well received by the court. Conserve your pages for the heart of your argument rather than well-settled axiomatic points of law. Marking attachments and declarations with page dividers *prominently* stating the exhibit number or letter helps the court save time when looking for these items. Requests for judicial notice of court documents should be accompanied by *copies of the documents.*

EXHIBIT  H

54

Superior Court of California
County of Orange
Civil Complex Center

## Department CX101 Guidelines

Ex Parte / Law & Motion / Trial Exhibits

## Trial Exhibits

- Please be considerate of the work of the clerk in maintaining a record of your exhibits. If you have a question concerning how exhibits are handled, telephone the clerk. In addition to the requirements of Orange County Superior Court Rule 450, the court requires a joint exhibit list to be filed in the department the Friday before the trail date. Counsel are strongly urged to refer to the *Complex Court Guidelines* at http://www.occourts.org/complexcivil.
- At the trial, the court will elicit a stipulation from the parties that the original exhibits will be returned to the party who offered them as soon as a verdict is received or the matter is submitted to the court for decision. The court is also equipped to receive in evidence and display to the jury, in the courtroom and jury room, exhibits in electronic form, i.e., on CD.

55

**EXHIBIT   I**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                      Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER:

DEFENDANT / RESPONDENT:

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER:<br><br>DEPT:<br>JUDGE:<br>STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in **_Apple Computer, Inc. v. The Superior Court of Los Angeles County_** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1.  Is any proposed class representative an attorney?            Yes _____   No _____

2.  Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel  is a member?            Yes _____   No _____

      If yes, explain relationship: _____

3.   Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?            Yes _____   No _____

      If yes, explain: _____

4.  Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate,  employee, principal, agent, independent contractor, or professional corporation?            Yes _____   No _____

      If yes, explain relationship: _____

5.  If there is co-counsel, have the attorneys been co-counsel in other class actions?            Yes _____   No _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
DATE                                                         SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277  [New June 1, 2005]



EXHIBIT I

56

**EXHIBIT   J**



THE

# SPIVAK

LAW FIRM

**\*SENT BY CERTIFIED MAIL\***

December 17, 2009

Matthew C. Kane, Esq.
McGuireWoods LLP
1800 Century Park East 8th Floor
Los Angeles, CA 90067

RE:   *Shane Studley v. Alliance Healthcare Services, Inc. which will do business in California as Alliance Imaging,* Case No. 30-2009-00326149

Dear Mr. Kane:

Please find enclosed the following documents for the case *Shane Studley v. Alliance Healthcare Services, Inc. which will do business in California as Alliance Imaging,* Case No. 30-2009-00326149:

1) Summons;
2) Civil Case Cover Sheet;
3) Complaint;
4) Notice of Related Case;
5) Guidelines – All Complex Civil Departments;
6) Alternative Dispute Resolution (ADR) Information Package;
7) Department CX101 Guidelines; and
8) Notice of Acknowledgement of Receipt to Alliance Healthcare Services D.B.A. Alliance Imaging.

Please read and review all documents carefully. Please sign the Notice and Acknowledgment of Receipt in the spaces provided, then return to the originals for each in the envelope provided. Please do not hesitate to call if you have any questions. Thank you.

Sincerely,

Breck Oyama
Paralegal
(310) 499-4735
breck@spivaklaw.com
Encl. as stated.
Cc:   David Spivak, Esq.

**EXHIBIT   I**

57

**EXHIBIT   K**

**McGuireWoods LLP**
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
Fax: 310.315.8210
www.mcguirewoods.com

**Matthew C. Kane**
Direct: 310.315.8295

mkane@mcguirewoods.com
Direct Fax: 310.956.3195

McGUIREWOODS

January 11, 2010

David Spivak, Esq.
The Spivak Law Firm
9454 Wilshire Boulevard, Suite 303
Beverly Hills, CA 90212

**Via Email**
Email: david@spivaklaw.com

Shaun Setarch, Esq.
Law Offices of Shaun Setarch
9454 Wilshire Boulevard, Penthouse Suite 3
Beverly Hills, CA 90212

**Via Email**
Email: setarchlaw@sbcglobal.com

Louis Benowitz, Esq.
Law Offices of Louis Benowitz
9454 Wilshire Boulevard, Penthouse Suite 34
Beverly Hills, CA 90212

**Via Email**
Email: louis@benowitzlaw.com

>   Re:   ***Shane Studley v. Alliance Healthcare Services, Inc.***
>   **Orange County Superior Court Case No. 30-2009-00326149**

Gentlemen,

This letter is in response to the letter and enclosures from Mr. Spivak's office dated December 17, 2009, which were received by our office on or about December 18, 2009. Please be advised that we are not authorized to accept service of the Summons, Complaint and other documents Mr. Spivak's office sent unsolicited to us with that letter, and we will not be signing the Notice and Acknowledgment of Receipt for the same.

Our client's declining to authorize us to accept service is not intended to be obstreperous. Rather, it is based on our client's unwillingness to assist you and Mr. Studley in prosecuting a patently frivolous case asserting claims against it which were fully settled, released and resolved three years ago in connection with another class action lawsuit brought against our client, and which Mr. Studley's prior counsel abandoned after filing virtually identical claims against our client in federal court in San Diego last year.

Specifically, in *Jones, et al. v. Alliance Imaging, Inc., et al.*, Alameda County Superior Court Case No. RG-05-210418 ("*Jones*"), the plaintiffs brought a putative class action on behalf of:

>   ". . . non-exempt employees of ALLIANCE, employed as
>   Technologists or Patient Care Coordinators (or similar positions
>   with varying job titles) and who have been subjected to some or all
>   of the following practices:

10405736.2

Almaty | Atlanta | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Jacksonville | London | Los Angeles
New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington



EXHIBIT _K_                    58

David Spivak, Esq.
Shaun Setareh, Esq.
Louis Benowitz, Esq.
January 11, 2010
Page 2

1) denied compensation for hours worked; 2) denied being paid minimum wages despite working time which was compensable under California law; (3) denied overtime compensation in violation of California law; (4) denied rest and meal breaks under California law; and (5) unfair business practices in violation of California law."

As part of Alliance's $2.5 million settlement of the *Jones* action, it received a release (including a waiver of any rights and benefits under California Civil Code Section 1542) by the settlement class

". . . from any and all actions, causes of action, suits, claims, liens, demands, damages, controversies and liabilities of any kind whatsoever (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise) whether known or unknown, suspected, anticipated or unanticipated, which the [settlement class] has, ever had, or hereafter may claim to have, against the Releasees, or any of them, which were alleged, or which arise out of the claims, actions, or causes of action, or facts, which were alleged or could have been alleged based on the Plaintiffs' factual contentions, in the [*Jones*] class action . . . , including those related to or arising out of claims under state or federal law for failure to compensate for all hours worked, unpaid minimum wages, failure to pay overtime compensation, denial of rest or meal breaks, unfair business practices, and conversion (collectively "Claims"), specifically including without limitation, (1) any penalties pursuant to the California Industrial Welfare Commission Wage Orders and California Labor Code Sections 225.5, 226, 226.7, 558, 1194.2, and 1197.1, *inter alia*; (2) waiting-time penalties pursuant to California Labor Code Section 203, *inter alia*; (3) unfair business practices pursuant to California Business and Professions Code Section 17200, *et seq.*; (4) conversion; (5) interest pursuant to California Labor Code Sections 218.6, 1194, and 2802 and California Civil Code Section 3289, *inter alia*; (6) statutory or common law rights to attorneys' fees and costs; (7) punitive or exemplary damages; (8) violation or breach of any other state or federal statute, wage order, rule, or regulations; and (9) similar causes of action relating in any way to the Claims."

Pursuant to the *Jones* court's order granting final approval of the settlement and entering final judgment, the settlement (and the above-quoted release) has a settlement effective date of

59

David Spivak, Esq.
Shaun Setareh, Esq.
Louis Benowitz, Esq.
January 11, 2010
Page 3

**January 27, 2007.** Enclosed for your reference are copies of the following from the *Jones* case: (1) Third Amended Class Action Complaint for Damages; (2) Class Settlement Agreement; and (3) Order Granting Final Approval of Class Action Settlement and Final Judgment. Importantly, Mr. Studley did not opt out of the *Jones* class action settlement, and was issued a check on February 16, 2007 for his share of the settlement proceeds in the gross amount of $1,240.44, which cleared on March 2, 2007.

We note with concern that included in the December 17, 2009 transmittal from Mr. Spivak's office was a Notice of Related Case signed by Mr. Spivak, but which makes no reference to the *Jones* case. Rather, it identifies only Mr. Studley's putative class and collective action filed in federal court in San Diego on April 14, 2009. Given your specific identification of that prior action by Mr. Studley, you undoubtedly have a copy of the complaint which was filed on his behalf, and, therefore, know that it asserted claims nearly identical to those you are now attempting to prosecute on his behalf once again. This is particularly concerning because the experienced class action attorneys who brought Mr. Studley's prior federal court action in San Diego abandoned their representation of him and their prosecution of his claims upon learning of the settlement and release in the *Jones* class action, and of Mr. Studley's participation in that settlement.

Until receiving your Notice of Related Case, we believed that you had been fully apprised of the *Jones* class action settlement and Mr. Studley's participation in the same. We will now give you the generous benefit of the doubt that neither Mr. Studley nor his prior counsel informed you of this critical fact, and the opportunity to re-think whether you and Mr. Studley want to continue down the path of pursuing the unquestionably released, meritless and frivolous claims being asserted in the new action you have filed against our client. Given the certifications each of you have made by signing and presenting this new Complaint to the Court pursuant to California Code of Civil Procedure Section 128.7 (which are virtually identical to those under FRCP Rule 11), along with your inability to provide us with any specific factual basis for the claims asserted therein either in its allegations or in our response to our prior communications about your letter to the LWDA concerning claims for PAGA penalties, we strongly encourage you to dismiss this action <u>immediately</u> before you and/or your client become inextricably liable for sanctions, malicious prosecution, contempt (of the *Jones* action final order and judgment), and attorneys' fees under the California Labor Code.

Indeed, when we requested specific facts from Mr. Spivak about the claims asserted in his letter to the LWDA, he provided us only two limited pieces of information, and outright refused to provide us with any of the other information we requested about Mr. Studley's purported claims. As to Mr. Studley's purported "off-the-clock" claim based on his supposedly having had to manually transmit procedure logs after having clocked out, he has provided you with incorrect information. The facility where he worked was connected to Alliance's systems in a "real-time" system environment. As such, "procedure logs" were not separately transmitted by Mr. Studley, either before or after he clocked out. As to the purported basis for his meal period

60

David Spivak, Esq.
Shaun Setareh, Esq.
Louis Benowitz, Esq.
January 11, 2010
Page 4

claim, the policy Mr. Spivak purported to quote and rely on in responding to our prior inquiry is not a policy prepared or used by Alliance. Therefore, again, Mr. Studley has provided you with incorrect information. Notably, Mr. Spivak did not provide us with a copy of the policy he claimed to be quoting from, probably for the reason just stated.

Mr. Studley was at all times classified as a non-exempt employee, and Alliance's records show that, in the three years preceding the filing of his latest action, he received substantial payments for overtime, double-time, and missed meal periods. Alliance strongly believes that its payroll practices are in compliance with all legal requirements. In fact, it is incomprehensible that, after paying $2.5 million to settle the *Jones* case (in addition to its own substantial defense costs), Alliance would be in anything other than such compliance with its obligations under all applicable wage and hour laws. Consequently, absent being able to provide us with specific, verifiable examples of any individual or systemic violations, this latest action can only stem from, at most, a misunderstanding that is specific and limited to Mr. Studley.

We look forward to being advised of Mr. Studley's immediate dismissal of this latest action he has filed. Should he (and you) fail and refuse to do so, particularly without providing us with any specific examples of acts or omissions constituting each of the purported claims alleged in his Complaint, then our client intends to fully defend itself against his feckless claims through all available means and venues, including without limitation contempt proceedings to be initiated in the Alameda County Superior Court for violations of the *Jones* final approval order and judgment.

Nothing herein is intended or should be construed as any type of express or implied waiver or limitation of any of our client's rights, claims, remedies and defenses in connection with this action, all of which are hereby fully and expressly reserved, or as any type of express or implied admission of any facts in connection with this action, all of which are hereby fully and expressly denied and disputed.

Sincerely,

McGuireWoods LLP

Matthew C. Kane

Enclosures

cc:   Michelle R. Walker, Esq. (via email only)
      Brian D. Barger, Esq. (via email only)

10405736.2

61

**EXHIBIT   L**

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite 3
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
setarehlaw@sbcglobal.net

David Spivak (SBN 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, CA 90212
Tel: .   (310) 499-4730
Fax:    (310) 499-4739
david@spivaklaw.com

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Blvd, Penthouse Suite 34
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
louis@benowitziaw.com

Attorneys for Plaintiffs,
SHANE STUDLEY, and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**
***(UNLIMITED JURISDICTION)***

| | |
|---|---|
| SHANE STUDLEY, and all others similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>ALLIANCE HEALTHCARE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ALLIANCE IMAGING, a Delaware corporation; and DOES 1-10, inclusive,<br><br>     Defendants. | Case No. 30-2009-00326149-CU-OE-CXC<br><br>{Assigned for All Purposes to the Honorable Judge David C. Velasquez of Dept. CX101}<br><br>**CLASS ACTION**<br><br>**NOTICE OF MINUTE ORDER OF DECEMBER 17, 2009**<br><br>Case Filed:    December 1, 2009<br>Status Conference:    March 5, 2010, 9:00 a.m. |

1

EXHIBIT L

62

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         Please take notice of the Court's Minute Order of December 17, 2009 (a copy of which

3 is attached hereto as Exhibit "A"). Through this Minute Order, the Court ordered the following:

4       1)      The Status Conference is scheduled for 9:00 a.m. on March 5, 2010 in

5             Department CX101 of the Civil Complex Center, located at 751 West Santa Ana

6             Blvd Santa Ana, CA 92701, and Defendants may submit a brief summary of the

7             case pursuant to the Minute Order three court days prior to the hearing; and

8       2)      The case is subject to the Electronic Filing Order (Complex Civil Litigation),

9             available on the court's website.

10                    Respectfully submitted,

11

12   Dated: December 30, 2009       LAW OFFICES OF LOUIS BENOWITZ

13

14                    By _____
                   LOUIS BENOWITZ

15

16                    Attorneys for Plaintiffs,
                   SHANE STUDLEY, and all others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

64

## SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

#### MINUTE ORDER

Date: 12/17/2009                Time: 01:19:00 PM          Dept:  CX101
Judicial Officer Presiding: David C. Velasquez
Clerk:  Christine D Carr
Reporter/ERM: None
Bailiff/Court Attendant: None

Case No: **30-2009-00326149-CU-OE-CXC**  Case Init. Date: 12/01/2009
Case Title: **Studley vs. Alliance Healthcare Services, Inc.**

Case Category: Civil - Unlimited       Case Type: Other employment

EVENT ID/DOCUMENT ID: 70882814
**EVENT TYPE**: Chambers Work

**APPEARANCES**

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715

The Status Conference is scheduled for 03/05/2010 at 09:00 AM in Department CX101.

Plaintiff shall, at least 5 days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to the Electronic Filing Order (Complex Civil Litigation), available on the courts website at: http://www.occourts.org/complexcivil/efileorder.pdf.  Plaintiff shall give notice of the Status Conference and the Electronic Filing Order to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

Date: 12/17/2009                    MINUTE ORDER                         Page: 1
Dept:  CX101                                                    Calendar No.:



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| Studley<br><br>Plaintiff(s)<br><br>Vs.<br><br>Alliance Healthcare Services<br><br>Defendant(s) | CASE NUMBER: 2009-00326149<br><br><br>CERTIFICATE OF SERVICE BY MAIL<br>OF minute order, DATED 12/17/09 |

I, ALAN CARLSON, Executive Officer and Clerk of the Superior Court, in and for the County of

Orange, State of California, hereby certify; that I am not a party to the within action or proceeding; that on

12/17/09, I served the minute order, dated 12/17/09, on each of the parties herein named by depositing a

true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States

Postal Service mail box at Santa Ana, California addressed as follows:

Law Offices of Shaun Setareh
9454 Wilshire Blvd. Penthouse Suite 3
Beverly Hills, Ca 90212

Law Offices of Louis Benowitz
9454 Wilshire Blvd., Penthouse Suite 34
Beverly Hills, Ca 90212


ALAN CARLSON,
Executive Officer and Clerk of the Superior Court
In and for the County of Orange

DATED: 12/17/09

By: /s/ _____

Christine Carr, Deputy Clerk

## CERTIFICATE OF SERVICE BY MAIL

**PROOF OF SERVICE**

State of California,
County of Los Angeles

     1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Boulevard, Penthouse Suite 34, Beverly Hills, CA 90212.

     2.    I am familiar with the practice of the Law Offices Louis Benowitz for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

     3.    On the 30th day of December, 2009, I served the foregoing document described as NOTICE OF MINUTE ORDER OF DECEMBER 17, 2009 on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

Alliance Healthcare Services, Inc.    Matthew C. Kane, Esq.
c/o CT Corporation System        McGuire Woods LLP
818 West Seventh Street         1800 Century Park East, 8th Floor
Los Angeles, CA 90017          Los Angeles, CA 90067

XXXX (BY MAIL)  I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Offices of Louis Benowitz, 9454 Wilshire Boulevard, Penthouse Suite 34, Beverly Hills, CA 90212.

     EXECUTED on the 30th day of December, 2009, at Beverly Hills, California.

XXXX (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Louis Benowitz_
LOUIS BENOWITZ

67

**EXHIBIT   M**

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite 3
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
setarehlaw@sbcglobal.net

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Blvd, Penthouse Suite 34
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
louis@benowitzlaw.com

David Spivak (SBN 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, CA 90212
Tel:    (310) 499-4730
Fax:    (310) 499-4739
david@spivaklaw.com

Attorneys for Plaintiffs,
SHANE STUDLEY, and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER
### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| SHANE STUDLEY, and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ALLIANCE HEALTHCARE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS ALLIANCE IMAGING, a Delaware corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 30-2009-00326149-CU-OE-CXC<br><br>{Assigned for All Purposes to the Honorable Judge David C. Velasquez of Dept. CX101}<br><br>**CLASS ACTION**<br><br>**NOTICE OF COMPLEX FEE PAYMENT**<br><br>[Cal. Gov. Code § 70616]<br><br>Case Filed:        December 1, 2009<br>Status Conference:   March 5, 2010, 9:00 a.m. |

1

**EXHIBIT** M

68

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       Please take notice that Plaintiff Shane Studley has submitted payment in the amount of

3   $550.00 pursuant to Government Code section 70616 for the complex fee required in this case.

4

5                           Respectfully submitted,

6

7   Dated:  December 31, 2009       LAW OFFICES OF SHAUN SETAREH

8                           By

9                           SHAUN SETAREH

10

11                          Attorneys for Plaintiffs,
                        SHANE STUDLEY, and all others similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## PROOF OF SERVICE

State of California,
County of Los Angeles

      1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Boulevard, Penthouse Suite 3, Beverly Hills, CA 90212.

      2.    I am familiar with the practice of the Law Offices of Shaun Setareh for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

      3.    On the 31st day of December, 2009, I served the foregoing document described as NOTICE OF COMPLEX FEE PAYMENT on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

Alliance Healthcare Services, Inc.    Matthew C. Kane, Esq.
c/o CT Corporation System    McGuire Woods LLP
818 West Seventh Street    1800 Century Park East, 8th Floor
Los Angeles, CA 90017    Los Angeles, CA 90067

XXXX (BY MAIL)  I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Offices of Shaun Setareh, 9454 Wilshire Boulevard, Penthouse Suite 34, Beverly Hills, CA 90212.

      EXECUTED on the 31st day of December, 2009, at Beverly Hills, California.

XXXX (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
JOY SOLDEVILLA

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067. On January 15, 2010, I served the following document(s) described as: **DEFENDANT'S PROTECTIVE NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2010, at Los Angeles, California.

Roland Morrissette

1

**SERVICE LIST**

2   David Spivak, Esq.
   THE SPIVAK LAW FIRM
3   9454 Wilshire Boulevard, Suite 303
   Beverly Hills, CA  90212
4   Tel:  310.499.4730
   Fax:  310.499.4739
5   david@spivaklaw.com

6   Shaun Setarah, Esq.
   LAW OFFICES OF SHAUN SETAREH
7   9454 Wilshire Boulevard, Penthouse Ste 3
   Beverly Hills, CA  90212
8   Tel:  310.888.7771
   Fax:  310.888.0109
9   setarehlaw@sbcglobal.net

10   Louis Benowitz, Esq.
   LAW OFFICES OF LOUIS BENOWITZ
11   9454 Wilshire Boulevard, Penthouse Ste 34
   Beverly Hills, CA  90212
12   Tel:  310.888.7771
   Fax:  310.888.0109
13   louis@benowitzlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28